IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PARKER-HANNIFIN CORPORATION and PARKER INTANGIBLES LLC, | ) ) CASE NO. |
| Plaintiffs, | ) ) JUDGE |
| v. | ) **COMPLAINT** ) |
| BALDWIN FILTERS, INC. and CLARCOR INC., | ) **(JURY DEMAND ENDORSED HEREON)** ) ) |
| Defendants. | ) ) |

## THE PARTIES

1.    Plaintiff Parker-Hannifin Corporation ("Parker") is an Ohio Corporation having its headquarters at 6035 Parkland Blvd., Cleveland, Ohio 44124-4141 and having its Racor Division at 3400 Finch Road, Modesto, California 95353.

2.    Plaintiff Parker Intangibles, LLC ("PI") is a Delaware limited liability company having its principal place of business at 6035 Parkland Blvd., Cleveland, Ohio 44124-4141.

3.    On information and belief, Defendant Baldwin Filters, Inc. ("Baldwin") is a Delaware corporation having its registered agent's address at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801, and is a division of Defendant Clarcor Inc. ("Clarcor") having its headquarters at 4400 East Highway 30, Kearney, Nebraska, 68847, and

sells various products in Ohio through retailers, distributors and resellers, including the products at issue in this action.

4.     On information and belief, Clarcor is a Delaware corporation having its registered agent's address at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware, 19801.

## JURISDICTION AND VENUE

5.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 et seq.

6.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

7.     Venue in this District is proper under 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND

8.     On July 1, 1997, U.S. Patent No. 5,643,446 ("the '446 patent"), entitled "Fuel Filter And Priming Pump," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '446 patent is attached as Exhibit A.

9.     On December 11, 2001, U.S. Patent No. 6,328,883 ("the '883 patent"), entitled "Fuel Filter Assembly With Priming Pump," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '883 patent is attached as Exhibit B.

10.     On May 1, 2001, U.S. Patent No. D441,422 ("the D422 patent"), entitled "Filter Element," was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the D422 patent is attached as Exhibit C.

11.     The '446, '883, and D422 patents are owned by PI. Parker is the exclusive licensee of the '446, '883, and D422 patents, with the right to sue for past, present and future infringement and the right to seek injunctive relief and monetary damages.

12.     Baldwin has manufactured and/or sold, or is presently manufacturing and/or selling, filters and filter elements ("the accused filters") including at least filter elements designated as BF7827. Upon information and belief, the accused filters are sold to retailers, distributors and resellers who resell the accused filters throughout the United States, including in the State of Ohio.

## COUNT ONE

13.     Parker and PI (hereinafter "Plaintiffs") incorporate the allegations set forth in Paragraphs 1-12 above as if each were separately set forth at length herein.

14.     The accused filters infringe one or more claims of the '446 patent.

15.     Baldwin is infringing and inducing others to infringe the '446 patent in violation of 35 U.S.C. § 271, such acts of infringement have been committed in this judicial district and others, and will continue to do so unless and until enjoined by the Court.

16.     Plaintiffs have suffered and will continue to suffer damages and irreparable injury as a result of Baldwin's infringement.

17.     Baldwin was given actual notice of Plaintiffs' rights in the '446 patent. Despite actual knowledge of Plaintiffs' patent rights and their applicability to the accused filters, Baldwin has willfully continued to infringe Plaintiffs' rights in the '446 patent.

## COUNT TWO

18.     Plaintiffs incorporate the allegations set forth in Paragraphs 1-12 above as if each were separately set forth at length herein.

19.     The accused filters infringe one or more claims of the '883 patent.

20.     Baldwin is infringing and inducing others to infringe the '883 patent in violation of 35 U.S.C. § 271, such acts of infringement have been committed in this judicial district and others, and will continue to do so unless and until enjoined by the Court.

21.     Plaintiffs have suffered and will continue to suffer damages and irreparable injury as a result of Baldwin's infringement.

22.     Baldwin was given actual notice of Plaintiffs' rights in the '883 patent.  Despite actual knowledge of Plaintiffs' patent rights and their applicability to the accused filters, Baldwin has willfully continued to infringe Plaintiffs' rights in the '883 patent.

## COUNT THREE

23.     Plaintiffs incorporate the allegations set forth in Paragraphs 1-12 above as if each were separately set forth at length herein.

24.     The accused filters infringe the claim of the D422 patent.

25.     Baldwin is infringing and inducing others to infringe the D422 patent in violation of 35 U.S.C. § 271, such acts of infringement have been committed in this judicial district and others, and will continue to do so unless and until enjoined by the Court.

26.     Plaintiffs have suffered and will continue to suffer damages and irreparable injury as a result of Baldwin's infringement.

27.     Baldwin was given actual notice of Plaintiffs' rights in the D422 patent.  Despite actual knowledge of Plaintiffs' patent rights and their applicability to the accused filters, Baldwin has willfully continued to infringe Plaintiffs' rights in the D422 patent.


WHEREFORE, Plaintiffs request that a judgment be entered against Baldwin:

a.      Preliminarily and permanently enjoining Baldwin, its officers, employees, subsidiaries, agents, attorneys and all persons in active concert with them, from any further infringement of the '446, '883, and D422 patents;

b.      Awarding damages, costs and interest to Plaintiffs under 35 U.S.C. §§ 284 and 154(d);

c.   Awarding up to treble damages upon a finding that Baldwin's infringement has been willful under 35 U.S.C. § 284;

d.   Declaring this case exceptional and awarding Plaintiffs their reasonable attorney's fees, pursuant to 35 U.S.C. § 285; and

e.   Awarding Plaintiffs such other and further relief as this Court deems just and proper.//

Respectfully submitted,

OF COUNSEL:

CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Post Office Box 2207
Wilmington, DE  19899-2207
Telephone:   302-658-9141
Telefax:       302-658-5614

s/Harry D. Cornett, Jr.
Harry D. Cornett, Jr. (0013179)
Benjamin C. Sassé (0072856)
TUCKER ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH  44115-1414
Telephone:       216.592.5000
Telefax:           216.592.5009
E-mail:            harry.cornett@tuckerellis.com
                       benjamin.sasse@tuckerellis.com

*Attorneys for Plaintiffs*

5

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs Parker-Hannifin

Corporation and Parker Intangibles LLC respectfully request a trial by jury with the maximum

number of jurors provided by law with respect to all issues triable by a jury.

Respectfully submitted,

OF COUNSEL:

CONNOLLY BOVE LODGE & HUTZ LLP
The Nemours Building
1007 North Orange Street
Post Office Box 2207
Wilmington, DE  19899-2207
Telephone:   302-658-9141
Telefax:        302-658-5614

s/Harry D. Cornett, Jr.
Harry D. Cornett, Jr. (0013179)
Benjamin C. Sassé (0072856)
TUCKER ELLIS & WEST LLP
1150 Huntington Building
925 Euclid Avenue
Cleveland, OH  44115-1414
Telephone:       216.592.5000
Telefax:            216.592.5009
E-mail:             harry.cornett@tuckerellis.com
                        benjamin.sasse@tuckerellis.com

*Attorneys for Plaintiffs*

10933.00004.945247.1