UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **PARKER-HANNIFIN CORP.,** *et al.* | ) | **CASE NO. 1:07-CV-1709** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **BALDWIN FILTERS, INC.,** *et al.* | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendants.** | ) | |

### INTRODUCTION

This matter is before the Court upon Plaintiffs' Motion to Strike Defendants' Belatedly Identified Invalidity Defenses (Doc. 47). This is a patent infringement suit. For the reasons that follow, the motion is GRANTED in PART and DENIED in PART.

### FACTS

Only those facts relevant to the instant motion are presented here. Plaintiffs Parker-Hannifin Corp. and Parker Intangibles LLC initiated this action on June 8, 2007 against defendants Baldwin Filters, Inc. and Clarcor Inc. asserting infringement of U.S. Patent Nos. 5,643,446 ("the '446 Patent"), 6,328,883 ("the '883 Patent") and D441,422 ("the D422 Patent"). The Court held a case management conference on August 27, 2007, and set the following

deadlines:

| Event | Date |
|---|---|
| Amendments to Pleadings | January 11, 2008 |
| Exchange of Claim Construction contentions | March 7, 2008 |
| Submission of Claim Construction Chart | March 20, 2008 |
| Opening Claim Construction Briefs | April 11, 2008 |
| Responsive Claim Construction Briefs | May 9, 2008 |
| Close of Non-Expert Discovery | May 2, 2008 |
| Expert Reports for party with burden of proof | June 13, 2008 (extended to July 30, 2008) |
| Rebuttal Expert Reports | July 11, 2008 (extended to August 30, 2008) |
| Close of Expert Discovery | August 15, 2008 (extended to September 30, 2008) |
| Dispositive Motions | September 15, 2008 |

On December 4, 2007, plaintiffs propounded interrogatories to defendants. Interrogatory No. 7 sought the bases for defendants' contention that the patents-in-suit are invalid. On January 7, 2008, defendants responded that:

> ... the asserted claims are invalid under sections 102 (anticipation) and/or 103 (obviousness) of the Patent Act because prior art references describe or render obvious (either singularly or viewed in combination with one another) the claimed invention. Such prior art includes the printed publications and patents listed on the face of each of the Asserted patents and cited by the Patent Office during examination of the Asserted patents and related same-family patents, as well as other publications, patents, other filter designs, and general knowledge in the art. ... In addition, Defendants state that many of the asserted claims are invalid under Section 112 of the Patent Act because the claims are either not enabled to the full scope of the claim language and/or because the patent specification does not satisfy the written description requirement to the full scope of the claim language.
> ... Defendants further object to this interrogatory as premature

> because it depends upon claim construction ... As this interrogatory is directed toward information that is of the type routinely contained in expert reports, Defendants will disclose experts having knowledge about Defendants' invalidity defenses according to the expert discovery schedule set forth in the Court's September 5, 2007 Case Management Order.

Def. Resp. to Int. No. 7 ("Initial Response").  As stated above, the parties exchanged their claim construction contentions on March 7, 2008.

**The First Amended Response**

On April 11, 2008, defendants amended their response to Interrogatory No. 7 ("First Amended Response").  This First Amended Response repeated defendants' assertion that the patents-in-suit are invalid under Sections 102 or 103 in light of all of the prior art that was before the Patent Office and the "general knowledge in the art."  Defendants went on to list some 316 pieces of "representative" prior art.  These references were categorized by patent-in-suit but no further information was given.  Defendants also repeated verbatim their contention that "many" of the asserted claims are invalid under Section 112 and added that, "for example, claim 20 of the '446 Patent is invalid under 112 because the limitation 'said one of said first and second end caps' is not reasonably ascertainable."  Defendants' First Amended Response again stated that "it is expected that additional bases and factual support for the invalidity of the asserted claims will be developed after the Court has construed the claim terms, and during discovery and expert witness analysis."

Plaintiffs raised their concerns regarding the adequacy of these responses during a status conference with the Court on April 17, 2008.  The Court instructed plaintiffs to inform defendants in writing of the nature of the alleged deficiencies and plaintiffs did so.  Plaintiffs' April 17 letter to defendants asks for

3

> a full and complete response to Plaintiffs' Interrogatory No. 7 including, but not limited to, (1) identifying each item of prior art that Defendants allege anticipates each asserted claim or renders it obvious; (2) identifying for each item of prior art whether that prior art anticipates each asserted claim or renders it obvious; (3) if obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness; (4) a chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found; and (5) explaining, in detail, any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

On April 25, 2008, the parties met and conferred and agreed to supplement all responses to contention interrogatories by May 9, 2008. The parties dispute whether or not this agreement precluded the addition of new contentions in the May 9 supplemental responses.

**The Third Amended Response**

On May 9, 2008, defendants provided their supplemental response ("Third Amended Response").[1] For the first time, defendants' contentions were disclosed in some detail. In addition to the single asserted basis for invalidity under Section 112 identified by defendants in their First Amended Response (that Claim 20 is invalid for indefiniteness), defendants identified 33 new instances of alleged invalidity under Section 112. Defendants specifically identified those claim elements which, if construed by the Court in a manner as broadly as plaintiffs were seeking this Court to do, would be invalid under Section 112 for lack of written description. Defendants did the same for specific claim terms, on a patent-by-patent basis, for the enablement and definiteness requirements as well and referenced the deposition testimony of the inventors in

---

[1] A Second Amended Response was never served.

support of their contentions where appropriate.

As to anticipation under Section 102, defendants identified nine patents that they contend anticipate one or more of the asserted claims of the patents-in-suit: Great Britain Patent No. 1,075,424 and U.S. Patent Nos. 1,746,336; 2,978,107; 3,307,705; 3,388,801; 3,616,933; 4,222,875 and 5,458,767 (the "Section 102 References") as well as the '446 Patent. The response includes an 80-page claim chart at Exhibit A to the Third Amended Response. The claim chart compares the eight Section 102 References to the asserted claims. It does not compare the '446 Patent to the claims of the '883 or D422 Patents.

Similarly, defendants disclosed 13 specific patents they contend render the asserted claims obvious under Section 103. These include the eight Section 102 References and five additional references: U.S. Patent Nos. 4,834,267; 2,431,782; 2,793,752; 5,049,269 and 5,591,332 (these five additional references will be referred to as the "Section 103 References"). None of the Section 103 References are included in the claim chart.

**The Fourth Amended Response**

On June 16, 2008, defendants served their Fourth Amended Response. Defendants' Fourth Amended Response includes Exhibits 1-9 consisting of figures with reference numbers on them. These figures were specifically requested by plaintiffs to support defendants' earlier contentions. The reference numbers indicate where the figures disclose particular elements claimed in the patents-in-suit.

The response also disclosed in relative detail four new invalidity contentions under § 112. Defendants also asserted for the first time a new invalidity contention under § 101 and a contention that the '883 and D422 Patents are invalid under the "on-sale bar" codified in Section

102(b).

Plaintiffs also state that defendants' Fourth Amended Response modified the claim chart that was served with the Third Amended Response. The claim chart now includes a comparison of the '446 Patent to the claims of the '883 and D422 Patents.

Finally, defendants disclosed an additional claim chart in support of their anticipation and obviousness contentions. The new claim chart is directed to the 300 and some prior art references disclosed on the face of each of the subject patents. The chart is found at Exhibit B to defendants' Fourth Amended Response. The chart lists the elements of each asserted claim and the corresponding prior art reference that discloses that claimed element. For some claim elements, there are literally dozens of patents listed that allegedly correspond to that element.

**The Fifth Amended Response**

After receiving the Fourth Amended Response, plaintiffs asked defendants to withdraw it, asserting that the disclosures were belatedly made. Instead, on June 24, 2008, defendants asserted yet more contentions that the patents are invalid under §§ 102 and 103 ("Fifth Amended Response"). The Fifth Amended Response includes a newly disclosed prior art reference. This reference is U.S. Patent No. 5,215,655. Defendants' expert Larry Feldhaus submits a declaration that he discovered this reference between June 16 and 18, 2008, and disclosed it to defendants' attorneys on June 18.

**The Sixth Amended Response**

It appears that defendants supplemented yet again on July 3 ("Sixth Amended Response"). Mr. Feldhaus declares that he found a new prior art reference between June 18 and June 30. He disclosed this reference to defendants' attorneys on June 30. This reference is U.S.

6

Patent No. 5,490,930.

Plaintiffs state that Mr. Feldhaus' report includes yet another contention - that the D422 Patent is invalid "because the design claimed is dictated solely by the function of the features shown and is not ornamental."

Plaintiffs' motion to strike was filed on July 1, 2008, and is opposed.  On July 3, 2008, the Court issued an Order construing the asserted claims.  As stated above, opening expert reports were due to be exchanged by the parties on July 30, 2008.

### **DISCUSSION**

There can be no dispute that defendants' Initial Response and First Amended Response were wholly inadequate.  Plaintiffs were correct in requesting that defendants supplement their responses and provide greater detail to support their invalidity contentions.  However, because defendants' first two responses were so lacking in detail, their next response - the May 9 Third Amended Response - necessarily contained new contentions that fell within the general categories of invalidity identified in defendants' earlier responses.  The question is whether these new disclosures and those that came later were timely and proper.

Plaintiffs ask the Court to strike all of the contentions that were not disclosed prior to May 2 and then detailed in defendants' May 9 Third Amended Response and to preclude the introduction of any expert testimony on these contentions.  As to the Section 102 and 103 contentions, there are only six references that were both disclosed prior to May 2 and discussed in the Third Amended Response.  They are Great Britain Patent No. 1,075,424 and U.S. Patent Nos. 1,746,336; 3,307,705; 3,388,801; 3,616,933; and 5,458,767.

Plaintiffs also ask that the Court strike all of the Section 112 contentions that were not

disclosed prior to May 2.  Only a single Section 112 contention was made before this date - the contention in defendants' First Amended Response that "claim 20 of the '446 Patent is invalid under 112 because the limitation 'said one of said first and second end caps' is not reasonably ascertainable."

In support of their arguments, plaintiffs invoke Fed. R. Civ. P. 16(f) and 37(c)(1).  Rule 16(f) provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney ... fails to obey a scheduling or other pretrial order."  Rule 37 permits a court to issue sanctions where a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f)."  The permitted sanctions include "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."  Fed. R. Civ. P. 37(b)(2)(A)(ii).

In support of their opposition, defendants submit three declarations.  Attorney Wahls states that:

> At no time during the parties' April 25, 2008 meet and confer did [plaintiffs' attorneys] assert that the parties could not supplement and amend their previous contentions, or otherwise indicate that it was their understanding that Baldwin's May 9, 2008 amended invalidity response would be limited to only those references cited in its previously amended response.  Nor did the parties at any time enter into an agreement that either party was prohibited from supplementing their interrogatory responses after the close of fact discovery as new information and bases for contentions became known.

Defendants' expert Mr. Feldhaus declares that he discovered U.S. Patent No. 5,215,655 between June 16 and June 18 and disclosed it to Attorney Osier on June 18.  He also declares that he discovered U.S. Patent No. 5,490,930 between June 18 and June 30 and disclosed it to Attorney

8

Osier on June 30.

Finally, Attorney Osier declares that Mr. Feldhaus did in fact disclose the '655 Patent to him on June 18 and the '930 Patent on June 30. Attorney Osier then disclosed the '655 Patent to plaintiffs in the June 24 Fifth Amended Response. He disclosed the '930 Patent to plaintiffs in the July 3 Sixth Amended Response. Attorney Osier also declares that the new contentions contained in the May 9 Third Amended Response were "discovered" after defendants served their April 11 First Amended Response. He finally states that the new contentions found in the June 16 Fourth Amended Response were discovered after defendants served their May 9 Third Amended Response.

After reviewing the parties' many arguments regarding the propriety of defendants' interrogatory responses, the Court finds as follows:

1. The Section 112 defenses disclosed for the first time in the May 9 Third Amended Response were not untimely. Development of these defenses relies at least in part on expert analysis and opinion. Further, the Court finds nothing in the correspondence between the parties indicating they agreed to preclude new, more specific contentions from being disclosed on May 9. Together with Attorney Wahls' declaration, the Court finds this disclosure was not improper as it was made sufficiently in advance of the expert report deadline so as not to prejudice plaintiffs.

2. For the reasons stated above, the Section 102 defenses disclosed in the May 9 Third Amended Response - whether or not disclosed earlier - were properly and timely disclosed and may be relied upon by defendants but only to the extent that they were detailed in the claim chart which is found at Exhibit A to the Third Amended Response. This means that defendants may

9

assert that the claims at issue are anticipated by the eight Section 102 References for the reasons set forth in the claim chart.  To the extent the claim chart in Exhibit A was modified in later responses, defendants may not rely on it except as to the addition of the '446 Patent to Exhibit A, which is discussed below.

3.      For the reasons stated above, the Section 103 defenses disclosed in the May 9 Third Amended Response - whether or not disclosed earlier - were properly and timely disclosed and may be relied upon by defendants but only to the extent that they were detailed in the claim chart which is found at Exhibit A to the Third Amended Response.  This means that defendants may assert that the claims at issue are obvious in light of the eight Section 102 References for the reasons set forth in the claim chart.  To the extent the claim chart in Exhibit A was modified in later responses, defendants may not rely on it.  Further, defendants may not assert that the claims at issue are obvious in light of the Section 103 References.  These references are not included in the claim chart and defendants have failed to provide adequate interrogatory responses as to the Section 103 References.

4.      Exhibits 1-9 to the Fourth Amended Response were properly and timely disclosed in response to a request from plaintiffs for additional information in support of defendants' earlier identified contentions and will not be stricken.

5.      The Section 112 defenses identified in the Fourth Amended Response are untimely and will be stricken.  While Attorney Osier states that these defenses were not discovered earlier, he does not state that they could not have been discovered earlier or that their discovery was somehow dependent upon the development of expert opinion.  The Court is not mindless of the difficulties in preparing a complex patent case for trial, but discovery must end some time and

the parties must begin to focus their efforts on moving the case forward toward resolution.

6.      The Section 101 defense identified in the Fourth Amended Response shall be stricken as untimely. Defendants provide no explanation for why this defense could not have been discovered earlier. As with the Section 112 defenses discussed in Paragraph 5 above, Attorney Osier does not state that this defense was dependent upon the development of expert opinion.

7.      The Section 102(b) on-sale bar defense will not be stricken. It was or should have been clear to plaintiffs that defendants were attempting to develop this defense during fact discovery as defendants seem to have repeatedly sought discovery on this topic. As such, no prejudice will result.

8.      The addition to the claim chart in the Fourth Amended Response in the form of the comparison between the '446 Patent and the '883 and D422 Patents will not be stricken. Although defendants do not explain why this comparison did not appear in the May 9 claim chart, plaintiffs were or should have been on notice of the bases for defendants' contention that the '883 and D422 Patents were invalid in light of the '446 Patent given that the '446 Patent is also being litigated in this case. Moreover, this Court did not have the opportunity to complete construction of the claims until July 3, 2008.

9.      Exhibit B to the Fourth Amended Response - the newly added claim chart listing 300 patents as bases for invalidity - will be stricken. It was untimely and it is inadequate to put plaintiffs on notice as to exactly which combinations of prior art references are supposed to render the asserted claims obvious.

10.     It appears that defendants and their expert Mr. Feldhaus were diligent in discovering and disclosing the '655 Patent. The Fifth Amended Response, to the extent it adds the '655 Patent as

a basis for invalidity under Sections 102 and 103, will not be stricken.  To the extent the Fifth Amended Response added or modified any other contentions, it is stricken.

11. It also appears that defendants and Mr. Feldhaus were diligent in discovering and disclosing the '930 Patent.  The Sixth Amended Response made on July 3 will not be stricken to the extent it discloses the '930 Patent as a basis for invalidity under Sections 102 and 103.  To the extent the Sixth Amended Response added or modified any other contentions, it is stricken.

12. Defendants' contention - revealed for the first time in Mr. Feldhaus' report - that the D422 patent is invalid "because the design claimed is dictated solely by the function of the features shown and is not ornamental" is untimely and will be stricken.  While the Court acknowledges that this is a matter for expert opinion, plaintiffs in this case sought via an interrogatory defendants' invalidity contentions earlier in the discovery process.  As a result, defendants had an obligation to give plaintiffs some suggestion of the bases for their belief that the D422 Patent was invalid.  To the extent this new contention is based on Mr. Feldhaus' opinion, defendants had an obligation to say so or otherwise explain why it was not disclosed earlier in response to plaintiffs' interrogatory.

### **CONCLUSION**

For the foregoing reasons, plaintiffs' motion to strike is GRANTED in PART and DENIED in PART.

IT IS SO ORDERED.

Dated:  8/11/08

 /s/ Patricia A. Gaughan  
PATRICIA A. GAUGHAN  
United States District Judge